Town of Maynard *vs.* Benjamin S. Tomyl & another.

Middlesex.    April 6, 1964. — April 30, 1964.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Reardon, JJ.

*Zoning,* Nonconforming building, Multiple dwelling, Accessory use.    *Building.    Permit.*

A town's zoning by-law permitting "two family dwellings" in a general residence district did not allow two separate dwellings on the same lot; and one of two separate dwellings located, at the time of the adoption of the by-law, on a lot having an area substantially less than twice the lot area required by the by-law to be "provided for each dwelling" became a preëxisting nonconforming building subject to certain limitations in the by-law on the alteration or enlargement of such buildings.    [399]

A building used as a dwelling and containing in itself adequate facilities for occupancy for that purpose, located on the same lot as a separate, larger dwelling, was not an "accessory" building within the contemplation of the local zoning by-law even if at times members of a single family group occupied both dwellings.    [399]

The second proviso in the second sentence of G. L. c. 40A, § 5, as appearing in St. 1962, c. 340, has no application to nonconforming dwellings.    [400]

G. L. c. 40A, § 5A, does not deal with alteration of an existing nonconforming building or alteration of an existing building creating nonconformity.    [400]

The defendant in a suit by a town to compel removal of building construction violative of its zoning by-law was not aided by an illegally issued permit for the construction.    [400]

BILL IN EQUITY filed in the Superior Court on September 22, 1961.

The suit was heard by *Vallely*, J.

*Julian J. D'Agostine* for the defendants.

*Paul A. Carbone*, Town Counsel, for the plaintiff.

WHITTEMORE, J. The defendants have appealed from a final decree in the Superior Court ordering them to remove all construction that does not comply with the terms of a decision of the board of appeals acting under the zoning by-law of the town of Maynard. There is also a bill of exceptions. The case was presented on a statement of agreed facts. The judge ruled in substance that the defendants, in not conforming to the decision of the board, have enlarged a nonconforming building contrary to law. There is no error.

The zoning by-law was adopted in 1950. The defendants then "owned and occupied the property at 202A and B Main Street" in a general residence district. The two buildings so numbered were on a lot of about 8,000 square feet. Number 202A was a single family residence. Number 202B, in the rear, was a single story structure, twelve by twenty-nine feet, and was "used as a dwelling."

In April, 1961, the defendants obtained from the selectmen a building permit to add a ground floor room fifteen feet square and an entire second story to No. 202B. The board of appeals promptly protested, the selectmen acted to revoke the permit, the defendants applied to the board for authority to make the alterations, and the board granted the application in part but excluded construction of the second story. The selectmen issued another permit to build "in accordance with the Board of Appeal's decision . . . ." The defendants, however, have built the second story.

The board acted under § 7–1 of the by-law that provides that "no non-conforming building . . . shall be structurally or substantially altered . . . or enlarged . . . unless, upon application to the Board of Appeals it can be shown that such change, if carried out, would be less detrimental or objectionable to the neighborhood, or, if not carried out

Maynard v. Tomyl.

would work unnecessary hardship.'' See G. L. c. 40A, §§ 4 and 5. The board's limited permission was ''granted in order that a hardship would not be created due to the lack of bath and kitchen facilities.''

The zoning by-law requires that in a general residence district there be a lot of at least 7,000 square feet for each separate dwelling.[1] Conforming lots are not available for the defendants' two dwellings. There is nothing in the contention that the authorization of ''two family dwellings'' authorizes two single dwellings on the same lot. See *Van Arsdale* v. *Provincetown*, 344 Mass. 146, 147. The lot size requirement is determinative.

Nor can the defendants succeed in their contention that the smaller house is a permitted accessory building. The agreed facts establish No. 202B as a ''dwelling'' in 1950 and the sketches attached to the defendants' applications show a dwelling with adequate facilities[2] for occupancy apart from any other structure. It is inconsequential whether at times some members of a single family group may occupy both dwellings. Such related use of a ''dwelling'' is not an accessory use within the contemplation of the by-law.[3] We need not pause to consider the status of a guest house. Even if No. 202B could have been ruled an accessory structure prior to the proposed changes, which we do not suggest, no right is shown to make such a structure into a nonconforming dwelling.

---

[1] ''[§] 8–5 Lot Area and Frontage . . . (b) In general residence and in business districts there shall be provided for each dwelling a lot containing an area of at least seven thousand (7,000) square feet and having a frontage of at least seventy-five (75) feet on a street or way, except that multiple dwellings hereafter erected shall be provided with a minimum lot area of at least five thousand (5,000) square feet per family.''

[2] There were a kitchen and lavatory on the first floor. A bathroom was apparently proposed for the second floor.

[3] ''[§] 3–2 Accessory Uses Accessory use on the same lot with and customarily incidental to any of the listed permitted uses and not detrimental to a residential neighborhood may be permitted provided the outward character of the district is not changed. This shall include any of the customary home occupations: dressmaking, letting of room, taking of boarders, preparing of food for sale, or the work of any member of a recognized lawful profession, conducted by resident occupants only.'' Subsections (a), (b), and (c) specify certain accessory uses not applicable in this case.

The defendants' reliance on St. 1962, c. 340, which added a proviso to G. L. c. 40A, § 5, is based on a misreading of the language of the proviso. It is only "non-conforming buildings . . . used primarily for agriculture, horticulture or floriculture" that are within its terms.[4]

General Laws c. 40A, § 5A, as amended through St. 1961, c. 435, § 1, also relied on by the defendants, refers to building on certain nonconforming lots, not to alterations of nonconforming buildings or alterations to create nonconformity.

The defendants can assert no right under the first, illegally granted, permit. See cases cited in *Kolodny* v. *Building Commr. of Brookline,* 346 Mass. 289, 290.

There was no error in any ruling nor in the denial of the defendants' motion to dismiss the bill of complaint.

*Final decree affirmed.*

*Exceptions overruled.*

---

[4] The proviso added to c. 40A, § 5, by St. 1962, c. 340, reads in part: "no such ordinance or by-law shall prohibit the alteration, rebuilding or expansion within applicable setback requirements of nonconforming buildings, except greenhouses located in residential areas, or the expansion of land, used primarily for agriculture, horticulture or floriculture." The title to c. 340, as well as the titles and texts of underlying bills 1962 Sen. Doc. No. 117, and House Docs. Nos. 3501 and 3557, confirm the plain meaning of the text of the amendment.